EDWIN A. PEASE, EXECUTOR OF THE LAST WILL AND TESTAMENT OF
JOHN H. PEASE, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

INHERITANCE TAX—*exemptions should be deducted in determining the
rate of tax.* In this claim the appraiser fixed the value of the property at
$107,087.74. An exemption of $20,000.00 was allowed and the tax was fixed
at the 2% rate, which tax was paid. An appeal was taken to the county
court, which court set aside the order of the county judge fixing the tax on
the 2% basis and fixed the same on a 1% basis. *Held,* an award should be
made.

Kraus, Holden & Lawless, for Claimant.

P. J. Lucey, Attorney General, for State.

John H. Pease who in his life time was a resident of Kane County,
Illinois, departed this life testate on the 9th day of May, A. D. 1913,
leaving claimant as his only son and heir at law. His will was admitted
to probate in said county and the court appointed an appraiser to fix
the value of the property for the purpose of levying an inheritance tax.
The appraiser appointed by the court found the value of the property
devised to claimant to be $107,087.74, and an order was entered fixing
the net tax at $1,654.67, after allowing the statutory exemption of $20,-
000.00, and deducting the 5% which is allowed in cases where the tax
is paid within six months after the same is found to be due.

Claimant prayed an appeal from the order of the county judge to
the county court of Kane County, and in the meantime paid the amount
of taxes levied to the County Treasurer, under protest, that he might
save the five per cent discount. Shortly after the appeal to the County
Court, the Supreme Court of the State of Illinois, in the case of *The
People* v. *Ullman,* 263 Ill. 258, rendered an opinion to the effect that
"Where a child takes from its deceased parents property valued in ex-
cess of $100,000.00 which with lawful exemptions deducted leaves less
than $100,000.00, subject to inheritance tax, the rate of taxation is one
(1%) per cent."

The County Court set aside the order of the County Judge and
fixed the rate at one per cent in accordance with the above opinion.

Claimant sought to recover from the County Treasurer of Kane
County, and from the State Treasurer, the amount erroneously collected
from him, but was informed by the State Treasurer that there was no
appropriation to take care of his claim.

He did everything the law required to recover the amount due him,
and it is the opinion of the Court that he should be reimbursed to the
extent of $827.33, which he was compelled to pay by reason of the er-
roneous assessment.

Claimant is accordingly awarded $827.33.